NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1080
_____

UNITED STATES OF AMERICA

v.

JEFFREY GRAY,
                            Appellant


Appeal from the United States District Court
for the District of Delaware
(Crim. No. 1-07-cr-00137-001)
District Judge: Hon. Joseph J. Farnan, Jr.


Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2010

Before: McKEE, *Chief Judge*, and AMBRO and CHAGARES, *Circuit Judges*

Opinion Filed:  September 27, 2010

OPINION

McKEE, *Chief Judge*.

    Jeffrey Gray appeals the district court's judgment of conviction and sentence.  For

the reasons that follow, we will affirm.

**I.**


1

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal.

On October 11, 2007, a federal grand jury returned a five-count indictment charging Gray with conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846 (Count I); attempted possession with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846 (Count II); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count III); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count IV); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count V). A jury convicted Gray on all counts. The district court sentenced Gray to a total of 480 months imprisonment. The judgment of conviction and sentence was entered on January 12, 2009.

## II.

On appeal, Gray argues that there was insufficient evidence to support the jury's conviction on Count I, conspiracy to distribute more than five kilograms of cocaine, and Count IV, money laundering.

"Where, as here, a defendant does not preserve the issue of sufficiency of the evidence by making a timely motion for judgment of acquittal at the close of the evidence, this Court reviews the sufficiency of the evidence for plain error." *United*

*States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005). When evaluating a sufficiency of the evidence challenge, "[w]e must view the evidence in the light most favorable to the government and must sustain a jury's verdict if 'a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.'" *United States v. Rosario*, 118 F.3d 160, 163 (3d Cir. 1997) (quoting *United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991)). Accordingly, "[a] claim of insufficiency of evidence places a very heavy burden on the appellant." *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995).

Gray contends that the evidence was insufficient to support the jury's finding that he was guilty of the offense charged in Count I. The government relies on Gray's very cursory discussion of the issue to assert that Gray does not actually contest that the evidence was sufficient to demonstrate that he participated in a cocaine conspiracy. Rather, the government asserts that Gray claims that the evidence was only insufficient to prove that the conspiracy involved more than five kilograms of cocaine. Gray does not rebut the government's reading of his brief, and we cannot discern a contrary argument.[1]

Gray's co-conspirator, Jeffrey Shepherd, testified that he began having regular meetings with Gray sometime in the winter of 2005 and that he would sell three

---

[1] Gray's brief devotes less than one page to his argument that the evidence was insufficient to support his conviction on Count I and fails to cite even a single case or law for support. Although Gray had the option to file a reply brief, in which he could have rebutted the government's interpretation of his argument, no reply brief was filed.

3

kilograms of cocaine to Gray at each meeting. Shepherd testified that he was selling Gray an average of twelve kilograms of cocaine per month by the beginning of 2006. Gray's co-conspirator, Bradley Torrence, testified that he twice witnessed Shepherd sell four kilograms of cocaine to Gray. This is more than enough evidence for the jury to have concluded that the conspiracy involved more than five kilograms of cocaine, and Gray's argument to the contrary is nothing short of frivolous.

Gray also contends that the evidence was insufficient to support the jury's finding that he was guilty of Count IV, money laundering. According to Gray, the evidence is insufficient to convict him of money laundering because there was no evidence that he engaged in "deceptive conduct" when he used funds obtained from cocaine sales to gamble and purchase a vehicle. The argument ignores the fact that the offense Gray was convicted of does not require proof of "deceptive conduct." *See* 18 U.S.C. § 1956(a)(1)(A)(i).

Rather, § 1956(a)(1)(A)(i), requires that the government prove: "(1) an actual or attempted financial transaction [;] (2) involving the proceeds of specified unlawful activity; (3) knowledge that the transaction involves the proceeds of some unlawful activity; and (4) . . . an intent to promote the carrying on of specified unlawful activity." *United States v. Morelli*, 169 F.3d 798, 804 (3d Cir. 1999). Gray is correct that 18 U.S.C. § 1956 criminalizes financial transactions intended "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful

4

activity." 18 U.S.C. § 1956(a)(1)(B)(i). However, 18 U.S.C. § 1956 also criminalizes engaging in financial transactions, knowing that the property involved represents the proceeds of unlawful activity, "with the intent to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956(a)(1)(A)(i). Gray was convicted of violating Section 1956(a)(1)(A)(i) and not Section 1956(a)(1)(B)(i). Accordingly, concealment was not an element of the crime.

### III.

Gray also challenges the district court's calculation of his sentence. Specifically, he challenges its determination of drug weight under U.S.S.G. § 2D1.1(c)(2) and the application of the reckless flight enhancement under U.S.S.G. § 3C1.2. Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Gray argues that both of these issues should have been presented to a jury to be proved beyond a reasonable doubt. This argument can readily be dismissed based upon our subsequent ruling in *United States v. Grier*, 475 F.3d 556, 562 (3d Cir. 2007) (en banc) ("Judicial factfinding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt."). In *Grier*, we also held that "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." 475 F.3d at 565; *see also United States v. Fisher*, 502 F.3d 293, 306 (3d Cir. 2007) (a district court may make findings of fact that are necessary to the determination of the applicability of a sentence

5

enhancement by a preponderance of the evidence). We also affirmed that "district courts should continue to make factual findings by a preponderance of the evidence and courts of appeals should continue to review those findings for clear error." *Grier*, 475 F.3d at 561.

Gray also argues that the district court erred in finding that the cocaine conspiracy involved a weight of 50 to 150 kilograms of cocaine, a fact that was used to calculate his offense level under U.S.S.G. § 2D1.1(c)(2). Gray contends that he was not a "direct co-conspirator with Shepard and Torrence" and that "any weight of cocaine they had shipped should not be lumped on him." Appellant Brief 15. Additionally, he argues that the judge should have calculated his offense level using a weight of six kilograms or less because he was only involved in the one transaction on October 30, 2006.

There is enough evidence for the district judge to have concluded by a preponderance of the evidence that the cocaine conspiracy involved a weight of 50 to 150 kilograms. By finding Gray guilty of Count I, the jury established that the conspiracy between Shepherd and Gray began in January 2005 and lasted until their arrest on October 30, 2006. Thus, the district court correctly calculated the drug weight based on the entire period of the conspiracy, rather than limiting its calculation of the drug weight to the transaction between Shepherd and Gray on October 30, 2006. Indeed, given Sheperd's testimony, the weights attributed to Gray for purposes of sentencing are conservative.

6

Shepherd testified that, beginning in early 2005, he would sell cocaine to Gray once every week or week and a half. At first, these sales involved one kilogram of cocaine, but by the winter of 2005, Shepherd was regularly selling Gray three kilograms of cocaine at each meeting. Additionally, Gray would sometimes purchase more than three kilograms of cocaine. Gray continued to buy three kilograms of cocaine every week to week and a half from Shepherd at least until the spring of 2006. Moreover, Shepherd testified that on October 30, 2006, Gray gave him $60,000 to purchase three kilograms of cocaine. According to Shepherd's testimony, he directly sold to Gray at least 50 kilograms of cocaine over the course of the conspiracy. Therefore, the district court did not clearly err in finding that the drug weight amounted to between 50 and 150 kilograms of cocaine throughout the duration of the conspiracy.

Lastly, Gray argues that the district court improperly applied a two-level sentence enhancement for reckless endangerment during flight. Under the Guidelines, a defendant receives a two-level sentence enhancement "if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Gray argues that the factual record does not support this sentence enhancement. We review a district court's application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Hawes*, 523 F.3d 245, 248 (3d Cir. 2008).

The testimony at trial established that Gray floored the accelerator in his car and

7

drove directly at officers. Gray almost ran over one officer, and he barley missed a head-on collision with two surveillance vehicles while driving at a speed of 40 to 50 miles per hour. Testimony also established that Gray sped through two public hotel parking lots while attempting to flee.

The district court relied on that testimony in concluding that Gray recklessly endangered the lives of others while fleeing from law enforcement, and in applying the two-level enhancement pursuant to U.S.S.G. § 3C1.2. The court did not clearly err in doing so.

**IV.**

For all of the above reasons, we will affirm the district court's judgment of conviction and sentence.